```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

| | |
|---|---|
| FAIRLEY GUILLORY, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>PF&B MANAGEMENT, LP d/b/a REEF RESTAURANT; PF&B MANAGEMENT GP, LLC; WILLIAM H. FLOYD, Individually and d/b/a REEF RESTAURANT; and BRIAN C. CASWELL, Individually and d/b/a REEF RESTAURANT,<br><br>    Defendants. | CIVIL ACTION NO. H-11-4377 |

## **MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] is Plaintiff's Motion for Class Certification and Expedited Discovery (Doc. 33).  The court has considered the motion, all relevant filings, and the applicable law.  For the reasons set forth below, the court **RECOMMENDS** that Plaintiff's motion be **GRANTED IN PART, DENIED IN PART**.

### I.  Case Background

Plaintiff, individually and on behalf of all other similarly situated individuals, filed this action against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the Texas Labor Code, alleging that Defendants failed to pay their nonexempt employees at the federally mandated minimum wage

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  Doc. 38.

and overtime rates. Plaintiff asserts that Defendants' denial of wages at the federally mandated minimum wage and overtime rates for all hours worked over forty also affected other similarly situated employees.

## A. Procedural History

Plaintiff filed this lawsuit against Defendants on December 13, 2011, alleging willful violations of the FLSA.[2] Plaintiff filed an amended complaint on January 17, 2012, alleging FLSA pay violations under 29 U.S.C. §§ 206 and 207, failure to keep accurate records of hours worked by Plaintiff and others under § 211(c), and retaliation under § 215(a)(3).[3] Plaintiff also asserted a claim for violation of the Texas Labor Code, and collective action allegations with respect to Defendants' alleged failure to pay minimum wage and overtime rates for all hours worked over forty under the FLSA.[4]

Plaintiff filed the pending motion for conditional class certification on June 1, 2012,[5] seeking to certify the following class: "all current and former waiters, waitresses and/or servers employed by [Defendants], for whom [Defendants] took a tip credit

---

[2] See Doc. 1, Pl.'s Compl.

[3] See Doc. 14, Pl.'s 1st Am. Compl.

[4] See id. ¶¶ 43-49, 52.

[5] See Doc. 33, Pl.'s Mot. to Certify Class.

in the past three years."[6]  In the motion, Plaintiff asks the court to: (1) conditionally certify this suit as a collective action; (2) authorize Plaintiff to send an approved notice of this action and a consent form to putative class members; and (3) order Defendants to produce the full name, last known address and telephone number, and dates and location of employment for all potential class members.[7]  Plaintiff additionally asks the court to order Defendants' representative to complete an affidavit attesting to the complete production of the requested information regarding all potential class members.[8]

On June 29, 2012, Defendants filed a response in opposition to Plaintiff's motion for conditional class certification, to which Plaintiff replied on July 20, 2012.[9]

## B. Factual History

The following factual account is derived from Plaintiff's first amended complaint and the exhibits attached to the pending motion.

Defendants PF&B Management, LP and PF&B Management GP, LLC own and operate Reef Restaurant in Houston, Texas, of which Defendants

---

[6]     Id. at p. 15.

[7]     See id. at pp. 15-16.

[8]     See id. at p. 16; Doc. 33-8, Ex. H to Pl.'s Mot. to Certify Class, Proposed Aff.

[9]     See Doc. 36, Defs.' Resp. to Pl.'s Mot. to Certify Class; Doc. 37, Pl.'s Reply to Defs.' Resp. to Pl.'s Mot. to Certify Class.

William H. Floyd ("Floyd") and Bryan C. Caswell (Caswell) are officers, directors, and/or managing members.[10] Plaintiff was employed by Defendants as a waiter and bartender from approximately March 2007 through December 2011.[11]

Plaintiff and other waiters and bartenders are "responsible for presenting menus to customers, answering questions from patrons about food and beverages, taking food and drink orders, delivering orders to customers, serving alcoholic beverages to customers, etc."[12] Defendants' waiters and bartenders, including Plaintiff, regularly worked over forty hours per week.[13] Plaintiff was paid 2.13 per hour plus tips when waiting tables and $5.25 per hour plus tips when working as a bartender.[14]

The complaint alleges that Plaintiff and others were not compensated at a rate of one-and-a-half times their regular rate for every hour worked over forty per week.[15] Rather, Defendants required Plaintiff and other waiters and bartenders to work without

---

[10] See Doc. 14, Pl.'s 1st Am. Compl., ¶¶ 12-13.

[11] See id. ¶¶ 15, 40.

[12] Id. ¶ 16.

[13] See id. ¶ 17; Doc. 33-1, Ex. A to Pl.'s Mot. to Certify Class, Pl.'s Aff., ¶ 3; Doc. 33-4, Ex. D to Pl.'s Mot. to Certify Class, Alejandro Guadarrama Aff., ¶ 3.

[14] See Doc. 33-1, Ex. A to Pl.'s Mot. to Certify Class, Pl.'s Aff., ¶ 8.

[15] See Doc. 14, Pl.'s 1st Am. Compl., ¶ 18; Doc. 33-1, Ex. A to Pl.'s Mot. to Certify Class, Pl.'s Aff., ¶ 14; Doc. 33-2, Ex. B to Pl.'s Mot. to Certify Class, Jose Mendoza Aff., ¶ 14; Doc. 33-4, Ex. D to Pl.'s Mot. to Certify Class, Alejandro Guadarrama Aff., ¶ 13.

pay by "'writ[ing] down' the number of hours worked by waiters and bartenders, including [Plaintiff], so that they [were] paid for fewer hours than they actually work[ed]."[16] Further, Plaintiff and other waiters and bartenders were required to participate in a tip pool, from which Defendants and other managers retained a portion or all of the tips.[17] Plaintiff believes that Defendants' pay practices were applied to all of Defendants' employees who held similar positions.[18]

Within days of filing the pending lawsuit, Defendant Floyd asked Plaintiff why he had filed the lawsuit.[19] Plaintiff responded that he had not been properly paid for years.[20] Defendant Floyd terminated Plaintiff immediately after the exchange.[21] Defendants also allegedly filed false police reports with the Houston Police Department and frivolous claims with the court in retaliation for Plaintiff's filing an FLSA claim.[22]

---

[16]   Doc. 14, Pl.'s 1st Am. Compl., ¶ 19.

[17]   See id. ¶ 20; Doc. 33-1, Ex. A to Pl.'s Mot. to Certify Class, Pl.'s Aff., ¶¶ 10-11; Doc. 33-2, Ex. B to Pl.'s Mot. to Certify Class, Jose Mendoza Aff., ¶¶ 10-11; Doc. 33-3, Ex. C to Pl.'s Mot. to Certify Class, Erin Workman Aff., ¶¶ 9-10; Doc. 33-4, Ex. D to Pl.'s Mot. to Certify Class, Alejandro Guadarrama Aff., ¶¶ 9-10.

[18]   See Doc. 14, Pl.'s 1st Am. Compl., ¶ 21.

[19]   See id. ¶ 40.

[20]   See id.

[21]   Id.

[22]   See id. ¶ 42.

## II. Legal Standard

The FLSA requires covered employers to pay non-exempt employees for hours worked in excess of defined maximum hours. 29 U.S.C. § 207(a). It allows employees to bring an action against their employers for violation of its hour and wage provisions. See 29 U.S.C. §§ 215-216. An employee may bring this action against his employer on "behalf of himself . . . and other employees similarly situated. No employee shall be a party plaintiff to any such an action unless he gives his consent in writing to become a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Courts have the authority to implement the representative action process by facilitating notice to potential plaintiffs, i.e., to persons alleged to be "similarly situated" to the named plaintiff(s). Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989).

In the Fifth Circuit, the determination of whether plaintiffs are "similarly situated" is generally made by using one of two analyses: (1) the two-step analysis described in Lusardi v. Xerox Corp., 118 F.R.D. 351, 359 (D.N.J. 1987), or (2) the "spurious class action" analysis described in Shushan v. Univ. of Colo., 132 F.R.D. 263 (D. Colo. 1990). See Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1216 (5th Cir. 1995) (expressly declining to decide which

of the two analyses is appropriate).[23]

Under the Lusardi approach, the court first "determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 519 (5th Cir. 2010) (citing Mooney, 54 F.3d at 1213-14). The court makes this determination by using a fairly lenient standard, requiring only "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." Mooney, 54 F.3d at 1214 & n.8. If the court determines that the employees are similarly situated, then notice is sent and new plaintiffs may "opt in" to the lawsuit. Acevedo, 600 F.3d at 519 (citing Mooney, 54 F.3d at 1214). Next, once discovery has largely been completed, and, thus, more information on the case made available, the court makes a final determination on whether the plaintiffs are similarly situated and whether they can proceed together in a single action. Id.

According to the Fifth Circuit, the Shushan approach, known as the "spurious class action" analysis, is similar to the class certification procedure used under Federal Rule of Civil Procedure 23 ("Rule 23"):

---

[23] Mooney v. Aramco Services Co. was an action under the Age Discrimination in Employment Act ("ADEA"), but it is informative here because the ADEA explicitly incorporates Section 216(b) of the FLSA to also provide for an "opt-in" class action procedure for similarly-situated employees. See Mooney, 54 F.3d at 1212.

> Shushan espouses the view that [29 U.S.C. § 216(b) ("Section 216(b)")] merely breathes new life into the so-called "spurious" class action procedure previously eliminated from [Rule 23]. Building on this foundation, the court determined that Congress did not intend to create a completely separate class action structure for the FLSA . . . context, but merely desired to limit the availability of Rule 23 class action relief under . . . [the FLSA]. In application, the court determined that Congress intended the "similarly situated" inquiry to be coextensive with Rule 23 class certification. In other words, the court looks at "numerosity," "commonality," "typicality" and "adequacy of representation" to determine whether a class should be certified. Under this methodology, the primary distinction between a . . . [FLSA] representative action and a [Rule 23] class action is that persons who do not elect to opt-in to the . . . [FLSA] representative action are not bound by its results. In contrast, Rule 23 class members become party to the litigation through no action of their own, and are bound by its results.

Mooney, 54 F.3d at 1214.

The Fifth Circuit has not ruled which method the courts should use to determine whether plaintiffs are sufficiently "similarly situated" to advance their claims together in a single action under Section 216(b). Acevedo, 600 F.3d at 518-19. Although it has stated that not all class action standards are applicable to Section 216(b) actions, it has explicitly left open the question of whether the Lusardi approach, the Shushan approach, or some third approach should be used in determining whether employees' claims are sufficiently similar to support the maintenance of a representative action. Id. (citing Mooney, 54 F.3d at 1216; LaChapelle v. Owens-Ill., Inc., 513 F.2d 286, 288 (5th Cir. 1975)).

However, most courts in this district follow the Lusardi

approach in suits under Section 216(b). See, e.g., Tolentino v. C & J Spec-Rent Servs., Inc., 716 F.Supp.2d 642, 646 (S.D. Tex. 2010) (collecting cases). The Lusardi approach is consistent with Fifth Circuit dicta stating that the two-step approach is the typical manner in which these collective actions proceed. Sandoz v. Cingular Wireless LLC, 553 F.3d 913, 915 n.2 (5th Cir. 2008). The Fifth Circuit has also stated that "[t]here is a fundamental, irreconcilable difference between the class action described by [Rule 23] and that provided for by [Section 216(b)]," i.e., the "opt out" procedure for class members under Rule 23 as opposed to the "opt in" procedure under Section 216(b). LaChapelle, 513 F.2d at 288; see also Donovan v. Univ. of Tex. at El Paso, 643 F.2d 1201, 1206 (5th Cir. 1981) ("The FLSA procedure, in effect, constitutes a congressionally developed alternative to the [Rule 23] procedures."). This court, therefore, will analyze Plaintiff's claims using the Lusardi method.

The present case is at the "notice stage" of the Lusardi analysis. At this stage, the court's decision is "made using a fairly lenient standard;" a plaintiff need only make a minimum showing to guide the court's determination whether to issue notice to potential class members. Mooney, F.3d at 1214.

In the absence of Fifth Circuit guidance on the appropriate test to use at the notice stage of the Lusardi analysis, courts are split on the appropriate elements to consider in determining

whether to grant conditional certification. Some courts use three elements, requiring the plaintiff to show that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit. See, e.g., Cantu v. Vitol, Inc., No. H-09-0576, 2009 WL 5195918, at *4 (S.D. Tex. Dec. 21, 2009) (unpublished); Tolentino, 716 F.Supp.2d at 653. Other courts, however, have rejected the third, non-statutory element. See, e.g., Dreyer v. Baker Hughes Oilfield Operations, Inc., No. H-08-1212, 2008 WL 5204149, *3 (S.D. Tex. Dec. 11, 2008) (unpublished); Heckler v. DK Funding, LLC, 502 F. Supp. 2d 777, 780 (N.D. Ill. 2007).

The court agrees with the latter camp that Plaintiff need not present evidence of the third element at this stage of the certification process. There are several reasons for this. First, as already stated, this element is not a statutory requirement at this stage. See 29 U.S.C. § 216(b). Second, this element has not been required, or even discussed, by any higher court opinion that this court has been able to find or to which the parties have cited. Rather, the Fifth Circuit's discussion of the Lusardi approach only requires, at the first stage, that "putative class members' claims [be] sufficiently similar to merit sending notice of the action to possible members of the class." See Acevedo, 600

F.3d at 519 (citing Mooney, 54 F.3d at 1213-14).

Third, unlike under Rule 23, there is no numerosity requirement in an FLSA class action lawsuit under the Lusardi approach.  See, e.g., Badgett v. Tex. Taco Cabana, L.P., No. Civ.A.H 05-3624, 2006 WL 367872, at *2 (S.D. Tex. Feb. 14, 2006) (Lake, J.) (unpublished) (citing Mooney, 54 F.3d at 1214, n.8) ("[A]t the notice stage [in an FLSA action using the Lusardi approach], courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." (internal quotations omitted)).

Finally, this element, requiring evidence of purported class members who are willing to join a class action before an appropriate class is even determined, is dissonant with the Supreme Court's directive that the FLSA be liberally construed to effect its purposes.  See Tony & Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290, 296 (1985).  Liberally construing the FLSA to effect its purposes, the court finds that it is enough for Plaintiff to present evidence that there may be other aggrieved individuals to whom a class action notice should be sent, without requiring evidence that those individuals actually wish to join the lawsuit.

Based on these considerations, the court will address only the first two elements of the Lusardi test.

### III. Analysis

11

Defendants urge the court to reject Plaintiff's request for conditional class certification. They argue that: (1) Plaintiff has failed to produce any evidence that other individuals exist with claims of unpaid overtime; (2) Plaintiff cannot establish the existence of other individuals, similarly situated in relevant respects given the claims at issue, who wish to opt in to the lawsuit; and (3) Plaintiff worked only at Reef Restaurant and, therefore, cannot have a certified class that includes employees at all of Defendants' locations. The court addresses Defendants' arguments.

First, Defendants contend that Plaintiff has failed to establish that other individuals were aggrieved as a result of unpaid overtime. To meet the first element of the Lusardi test, Plaintiff must show only that it is reasonable to believe that other aggrieved employees, who were subject to the same unlawful policy or plan of Defendants, exist. See Prater v. Commerce Equities Mgmt. Co., Inc., No. H-07-2349, 2007 WL 4146714, at *5 (S.D. Tex. Nov. 19, 2007) (unpublished).

Plaintiff presents the court with his affidavit, which states, inter alia, that he worked approximately fifty hours per week at a rate of $2.13 per hour plus tips when waiting tables and $5.25 per hour plus tips when working as a bartender, and that he was rarely paid one-and-a-half times his regular rate for hours worked over forty per week. The affidavit also indicates that Plaintiff was

required to contribute a percentage of his total sales to a tip pool, regardless of the tips received, and that at least a portion of the tips was retained by management. In addition to his affidavit, Plaintiff included affidavits of three potential class members, all of whom were waiters or waitresses. These potential class members testified to their rate of pay and their required contribution to a tip pool from which Defendants retained money.[24] Two of the potential class members also testified that they were not paid at the federally mandated overtime rate for hours worked over forty per week, and that Defendants reduced their reported hours worked when they exceeded forty hours per week.[25] Given this evidence, the court finds that Plaintiff has shown that there is a reasonable belief that there are other aggrieved individuals who did not receive due compensation.

Defendants next claim that Plaintiff failed to produce evidence that other class members are similarly situated and want to join the class action. As discussed above, Plaintiff need not provide evidence that potential class members seek to join the

---

[24] See Doc. 33-2, Ex. B to Pl.'s Mot. to Certify Class, Jose Mendoza Aff., ¶¶ 8-11; Doc. 33-3, Ex. C to Pl.'s Mot. to Certify Class, Erin Workman Aff., ¶¶ 7-10; Doc. 33-4, Ex. D to Pl.'s Mot. for Summ. J., Alejandro Guadarrama Aff., ¶¶ 7-10.

[25] See Doc. 33-2, Ex. B to Pl.'s Mot. to Certify Class, Jose Mendoza Aff., ¶ 14; Doc. 33-4, Ex. D to Pl.'s Mot. for Summ. J., Alejandro Guadarrama Aff., ¶ 13.

pending lawsuit.[26]  Rather, Plaintiff need only show that other aggrieved individuals are similarly situated to him.

To that end, Plaintiff has produced the affidavit testimony of the aforementioned potential class members, who were employed as waiters or waitresses by Defendant at Reef Restaurant, held the same position as Plaintiff, were paid in the same manner as Plaintiff, and were subject to the same tip pool as Plaintiff. Defendants have not contested the veracity of the affidavits or provided evidence in rebuttal to Plaintiff's evidence that other aggrieved individuals are similarly situated to him.  The court therefore finds that Plaintiff has met his burden of showing that other employees were similarly situated to him in terms of employment as a waiter, rate of pay, and participation in a mandatory tip pool while employed by Defendants at Reef Restaurant.

The court notes, however, that Plaintiff seeks to certify a class that includes servers, as well as waiters, waitresses, and servers employed at all of Defendants' locations during the relevant class period.  With respect to the latter, Defendants contend that Plaintiff worked only at Reef Restaurant and has not shown the existence of similarly situated employees at Defendants' other locations who were "the victims of a single decision, policy, or plan." Mooney, 54 F.3d at 1214 & n.8.  The court agrees.  To

---

[26] Although Plaintiff need not show that others are interested in joining the collective action, the court notes that six individuals, including Plaintiff, have filed consents to join this action.

the extent that Plaintiff seeks to certify a class including employees from Defendants' other locations, Plaintiff has not presented any evidence that employees of Defendants' other locations were similarly situated to him for purposes of an FLSA class action lawsuit.[27] Further, Plaintiff has produced no evidence to support the inclusion of servers, as distinguished from waiters and waitresses, in the class.  In the absence of such evidence, the court finds that the relevant class should be defined as follows: "all current and former waiters and waitresses employed by Defendants at Reef Restaurant, for whom Defendants took a tip credit in the past three years."  Plaintiff's proposed notice to potential class members[28] shall be amended to reflect the conditionally certified class defined by the court.

Regarding Plaintiff's request for expedited discovery, the court finds that disclosure of employees' full names, mailing addresses, phone numbers, and dates of employment to Plaintiff's counsel is not unduly invasive.[29]  Therefore, within fourteen days of this opinion, Defendant shall provide Plaintiff with a list of all employees fitting the description of the conditionally

---

[27] Defendants contend that Plaintiff seeks to certify a class that includes employees from all of its locations.  Plaintiff's complaint includes all of Defendants' locations, whereas his proposed notice concerns only Reef Restaurant. Compare Doc. 14, Pl.'s 1st Am. Compl., ¶ 48, with Doc. 33-7, Ex. G to Pl.'s Mot. to Certify Class, Proposed Notice, p. 4.

[28] See Doc. 33-7, Ex. G to Pl.'s Mot. to Certify Class, Proposed Notice.

[29] Defendants did not discuss the merits of the discovery information requested by Plaintiff.

certified class. This list shall include each individual's full name, last known mailing address and telephone number, and date(s) of employment.[30] Plaintiff also requests that Defendants' representative attest in an affidavit that the above information was provided, in addition to information not requested in Plaintiff's motion.[31] This is unnecessary. Plaintiff shall have fourteen days from the receipt of this information to mail the proposed notice, amended to reflect the class certified by the court, to the potential class members. The opt-in period shall be sixty days from the date the notice is mailed.

## IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Plaintiff's Motion for Class Certification and Expedited Discovery be **GRANTED IN PART, DENIED IN PART**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order

---

[30] Because the court has limited the class to employees of Reef Restaurant, Defendants need not provide the locations of employment for each of the potential class members.

[31] In his motion, Plaintiff requested that the court order Defendants to produce the full name, last known address and telephone number, and employment dates and location(s) of all employees fitting the description of the conditionally certified class. See Doc. 33, Pl.'s Mot. to Certify Class, pp. 15-16. In contrast, the proposed affidavit submitted by Plaintiff requires Defendants to attest to the production of "the last known mailing addresses, telephone numbers, dates of birth, and Social Security numbers" of the potential class members. Doc. 33-8, Ex. H to Pl.'s Mot. to Certify Class, Proposed Aff.

2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 14th day of September, 2012.

Nancy K. Johnson
United States Magistrate Judge